**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------ x
:
BOOMERANG SYSTEMS, INC.,                         :
:
:           Index No. _____
              Plaintiff,                          :
:
           v.                                     :           **COMPLAINT**
:
PARK PLUS, INC.,                                 :           **JURY TRIAL DEMANDED**
:
              Defendant.                          :
:
------------------------------------------------ x

Plaintiff Boomerang Systems, Inc. ("Boomerang" or "Plaintiff"), by its attorneys, Berg & Androphy, as and for its complaint against defendant Park Plus, Inc. ("Park Plus" or "Defendant"), states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement, unfair competition, misappropriation and unfair enrichment arising out of Park Plus' willful and wanton copying of significant portions of Boomerang's copyrighted and legally-protected marketing materials (the "Protected Materials" or "Materials"). Park Plus distributed these unlawfully copied Protected Materials to its prospective customers in an effort to deceive them into believing that the Materials had actually been created by, and represented work product of, Park Plus. As a result of Park Plus' misconduct, Boomerang has suffered substantial injury and losses to its business for which it is entitled to relief.

## PARTIES

2. Plaintiff Boomerang is a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey.

3. Defendant Park Plus is a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages for causes of action arising under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, as well as the common law.

5. This Court has original jurisdiction over the copyright claim pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (jurisdiction over copyright actions); this Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction) because the common law claims are so related to the copyright claim as to form part of the same case or controversy.

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other things, Defendant resides in this District, Defendant's state of incorporation is Delaware and Plaintiff has filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, which case is being jointly administered in *In re Boomerang Systems, Inc.*, Case No. 15-11729 (MFW) (Bankr. D. Del. Aug. 18, 2015).

## FACTUAL ALLEGATIONS

**I.     The Marketing Presentation**

7. Boomerang is at the forefront of the automated parking system and storage market. Boomerang's robotic parking technology, known as RoboticValet®, uses sophisticated computer hardware and software and advanced engineering technology to park automobiles with automated guided vehicles ("AGVs") or robots.

2

8. In or about February 2010, Boomerang authored a comprehensive marketing presentation, entitled "The Boomerang TrayValet Parking System Overview" (the "Marketing Presentation"), for potential parking garage customers. The Marketing Presentation, as Protected Material, is a unique and comprehensive summary and description of the RoboticValet® system and the use of AGVs in that system. (A copy of the Marketing Presentation is attached hereto as Exhibit A.)

9. The Marketing Presentation is a critical and entirely original marketing tool for Boomerang and has been disseminated to its many potential customers. Because the Marketing Presentation is an original work authored by Boomerang, it is entitled to protection under both common law principles and the statutory copyright laws of the United States. Indeed, Boomerang applied for, and received, a Certificate of Registration ("Certificate") for the Marketing Presentation from the United States Copyright Office, dated October 30, 2013, with a Registration Number of TX 7-745-947. (A copy of the Certificate is attached hereto as Exhibit B.) Boomerang owns all right, title and interest in the copyright of the Marketing Presentation and in the Protected Materials contained therein.

**II.     Park Plus' Unlawful Copying Of The Marketing Presentation**

10. Park Plus is a competitor of Boomerang that purports to engage in the business of marketing and selling AGV computer-controlled parking systems and storage.

11. During 2015, Boomerang became aware that Park Plus was disseminating marketing materials to its potential customers entitled "Park Plus Electronic Automated Guided Vehicle (AGV) Technology . . . Brief Product Summary" (the "Park Plus Summary"). (A copy of the Park Plus Summary is attached hereto as Exhibit C.)

12.     A review of the Park Plus Summary reveals that it is basically a word-for-word copying of the text of the Marketing Presentation, which again, is a copyrighted product of Boomerang that contains Protected Materials.  (Exhibit C highlights the many sections of the Park Plus Summary that blatantly copy the Marketing Presentation.)

13.     For example, the following is a description in the Marketing Presentation of "Vehicle Storage Trays":

> Each automobile entering the Boomerang™ Automated Parking System will be parked by the driver on a Vehicle Storage Tray in a Loading Area.  A shallow tire well on each side of the tray helps drivers correctly position their vehicle for safe storage.  Held securely in place while in the Loading Area, Vehicle Storage Trays are approximately 14" tall and supported on four legs when resting in a Storage Location.  Standard Vehicle Storage Trays are 7, 7.5 or 8 feet wide and from 14 to 20 feet long with the actual dimensions of those in each individual parking structure determined by evaluating the optimal use of space and range of vehicle sizes to be included within the system, against the speed of handling and the ease of the parking experience preferred for the anticipated user base.  Vehicle Trays can vary in size between Systems, but all trays within a particular System will be the same size.

(*See* Exhibit A at 9.)

Park Plus intentionally and willfully copied that exact language into the Park Plus Summary (the handful of different words are italicized):

> Each automobile entering *a Park Plus ParkTronic®* system will be parked by the driver on a Vehicle Storage Tray in a Loading *Bay*.  A shallow tire well on each side of the tray helps drivers correctly position their vehicle for safe storage.  Held securely in place while in the Loading *Bay*, Vehicle Storage Trays are approximately 14" tall and supported on four legs when resting in a Storage Location.  Standard Vehicle Storage Trays are 7, 7.5 or 8 feet wide and from 14 to 20 feet long with the actual dimensions of those in each individual parking structure determined by evaluating the optimal use of space and range of vehicle sizes to be included within the system, against the speed of handling and the ease of the parking experience preferred for the anticipated user base.  Vehicle Trays can vary in size between Systems, but all trays within a particular System will be the same size.

(*See* Exhibit C at 6.)

14. Park Plus' copying of the Marketing Presentation is so comprehensive that, to an ordinary reader, it would appear that Park Plus is selling Boomerang's products and pursuing identical marketing efforts in doing so. Park Plus' copying of the Marketing Presentation – and the Protected Materials contained therein – and Park Plus' use in its own marketing efforts have harmed Boomerang's business. Accordingly, Boomerang is entitled to relief as set forth below.

## FIRST CAUSE OF ACTION

**(Copyright Infringement Under The Federal Copyright Act)**

15. Plaintiff realleges and reasserts the allegations of Paragraphs 1 through 14 of this Complaint as if all of those allegations were specifically stated in this cause of action.

16. Defendant had knowledge of, and access to, Plaintiff's copyrighted work, including the Marketing Presentation and the Protected Materials therein.

17. Defendant willfully and wrongfully copied significant amounts of text from Plaintiff's copyrighted work, the Marketing Presentation, in violation of 17 U.S.C. § 501, in an effort to take business and customers from Boomerang.

18. By reason of the foregoing, Boomerang is entitled to a judgment against Defendant for actual and/or statutory damages in an amount to be determined at trial, and punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Unfair Competition)**

19. Plaintiff realleges and reasserts the allegations of Paragraphs 1 through 18 of this Complaint as if all of those allegations were specifically stated in this cause of action.

20. Defendant had knowledge of, and access to, Plaintiff's proprietary work, the Marketing Presentation and the Protected Materials therein. Plaintiff had a reasonable

expectation of entering into business relationships based upon the use of the Marketing Presentation. Defendant willfully and wrongfully copied significant amounts of text from Plaintiff's copyrighted work, the Marketing Presentation, in an effort to take business and customers from Boomerang.

21. Defendant's willful and wrongful conduct in copying the Marketing Presentation constitutes unfair and unlawful competition that has damaged Boomerang and will continue to cause Boomerang substantial damage, including, but not limited to, loss of potential customers, dilution of goodwill, customer confusion, injury to its reputation and the diminution of the value of the copyright in its work, the Marketing Presentation.

22. It would be inequitable for Defendant to retain the benefits it reaped through its acts of unfair and unlawful competition at Boomerang's expense.

23. By reason of the foregoing, Boomerang is entitled to a judgment against Defendant for compensatory damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Misappropriation and Unjust Enrichment)

24. Plaintiff realleges and reasserts the allegations of Paragraphs 1 through 23 of this Complaint as if all of those allegations were specifically stated in this cause of action.

25. Defendant has misappropriated and usurped for its own gain Plaintiff's copyrighted work, the Marketing Presentation and the Protected Materials therein, and unjustly enriched itself at Plaintiff's expense.

26. Defendant's willful and wrongful conduct in copying the Marketing Presentation constitutes misappropriation that has unjustly enriched Defendant and Boomerang has and will continue to suffer substantial damage, including, but not limited to, loss of potential customers,

dilution of goodwill, customer confusion, injury to its reputation, and the diminution of the value of the copyright in its work, the Marketing Presentation.

27. By reason of the foregoing, Boomerang is entitled to a judgment against Defendant for compensatory damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant and grant the following relief:

(a) On the first cause of action, judgment against Defendant for Boomerang's actual and/or statutory damages, and Defendant's profits attributable to its infringement of Boomerang's copyrighted work, the Marketing Presentation, pursuant to 17 U.S.C. § 504, in an amount to be determined at trial and for punitive damages, in an amount to be determined at trial;

(b) On the second cause of action, judgment against Defendant for compensatory damages, in an amount to be determined at trial;

(c) On the third cause of action, judgment against Defendant for compensatory damages, in an amount to be determined at trial;

(d) Reimbursement of costs and expenses, including attorneys' fees, incurred by Plaintiff in prosecuting this action, pursuant to 17 U.S.C. § 505;

(e) That Defendant be preliminarily and permanently enjoined from directly or indirectly infringing Boomerang's copyrights and engaging in unfair competition with Boomerang, pursuant to 17 U.S.C. § 502 and the common law;

(f) That Defendant be preliminarily and permanently ordered to promptly destroy any originals, copies, extracts or other reproductions, in whole or in part, of any media

          or materials containing the Marketing Presentation, any Protected Materials, or any other Boomerang copyrighted work, pursuant to 17 U.S.C. § 503;

(g)     Prejudgment interest at the maximum legal rate; and

(h)     An award of such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all of the claims asserted in the Complaint that are triable to a jury.

DATED:     New York, New York
               October 16, 2015

Respectfully submitted,

CIARDI, CIARDI & ASTIN

  /s/ Joseph J. McMahon, Jr.
Joseph J. McMahon, Jr. (DE Bar No. 4819)
1204 N. King Street
Wilmington, Delaware 19801
Tel: 302-658-1100
Fax: 302-658-1300
jmcmahon@ciardilaw.com

-and-

Michael M. Fay (mfay@bafirm.com)
Jenny H. Kim (jkim@bafirm.com)
Kurt A. Emhoff (kemhoff@bafirm.com)
BERG & ANDROPHY
120 West 45th Street, 38th Floor
New York, NY 10036
Tel: (646) 766-0073
Fax: (646) 219-1977

*Attorneys for Plaintiff*